## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand thirteen,

BEFORE:    Raymond J. Lohier,
                     *Circuit Judge*

---

In re: AMR Corporation, et al.,
                     Debtors.

---

Carolyn Fjord, at al.
            Appellants,

v.

AMR Corporation, American Airlines, and
US Airways Group, Inc. and US Airways, Inc.,
            Appellees.
            .

---

**ORDER**

No. 13-4597

    Appellants are a group of private plaintiffs seeking to block the merger of AMR Corporation ("AMR") and US Airways Group, Inc. ("US Airways") on antitrust grounds. Although it is not entirely clear from their filing, which does not formally request a stay from this Court, Appellants appear to move for a temporary "emergency" stay of an order dated November 27, 2013, of the United States Bankruptcy Court for the Southern District of New York. Among other things, the Bankruptcy Court's order approved the settlement of the antitrust action commenced by the United States Department of Justice and certain States challenging the merger of AMR and US Airways and denied Appellants' motion for a temporary restraining order. As relevant here, the Bankruptcy Court's order effectively allowed the merger to be consummated without delay, and the merger is scheduled to close on Monday, December 9, 2013.

    For whatever reason, Appellants waited until December 5, 2013 to seek a stay of the Bankruptcy Court's order from the United States District Court for the Southern District. On Friday, December 6, the District Court denied Appellants' request for a stay and then also denied Appellants' subsequent request to stay the District Court's order pending appeal. On Friday evening, Appellants filed a notice of appeal and requested that this Court grant a temporary "emergency" stay pending appeal. Granting such a stay would halt the merger scheduled for Monday.

    Having waited until the last business day before a significant merger is to be consummated, Appellants are somewhat hard put – and, indeed, fail – to explain why an emergency stay should be granted when the emergency appears to be of their own making.

In any event, the Court discerns no record evidence that Appellants will suffer irreparable harm in the absence of a stay pending appeal. Nor have Appellants yet demonstrated a likelihood of success on the merits. These are undisputedly three significant factors in determining whether it would be appropriate for this Court to grant even a temporary stay pending appeal.

For these reasons, IT IS HEREBY ORDERED that the motion for a temporary "emergency" or temporary stay pending appeal is DENIED. In the ordinary course of their appeal, after the consummation of the merger on December 9, 2013, Appellants may seek appropriate relief from this Court.

Counsel for Appellants are directed to serve forthwith, by email, counsel for all parties, and any pro se parties, in this case and submit to the Clerk of Court an affidavit confirming service.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit